IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| CHERYL A. BROWN, | ) |
| Plaintiff, | ) 2:24-cv-3337-RMG-MGB |
| Vs. | ) |
| MEDICAL UNIVERSITY OF SC, | ) |
| Defendant. | ) |

# COMPLAINT AND JURY DEMAND

The Plaintiff, Cheryl A. Brown, by and through her attorney, Bonnie Travaglio Hunt of Hunt Law, L.L.C., hereby complains against the Defendant, Medical University of South Carolina as follows:

## Nature of the Action

1. This is an action brought pursuant to the laws of the United States of America.

2. This is an action brought pursuant to Civil Rights Act and EEOC laws of the United States of America.

3. This is an action brought pursuant to the Laws of the State of South Carolina.

## Parties

4. Plaintiff, Cheryl A. Brown, hereinafter referred to as the Plaintiff, is an individual who at all times relevant herein was a resident of the of the State of South Carolina.

5. At all relevant times as presented herein the Plaintiff was an employee as defined by Federal Law.

1

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant, Medical University of South Carolina is an entity operating in the State of South Carolina and subject to State and Federal Law.

7. At all relevant times as presented herein the Defendant was an employer as defined by the laws of the State of South Carolina and the United States of America.

## Jurisdiction and Venue

8. The Charleston Division is the proper venue for this action because this is the Circuit in which the Plaintiff resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question.

10. Jurisdiction of this cause arises under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. Section 2000e-2(a) and Section 2000e-3(a), as amended by the Civil Rights Act of 1991 (CRA Section 91), 42 U.S.C. Section 1981A *et seq.*

## Procedural History

11. On September 1, 2023, the Plaintiff filed a charge of discrimination with the EEOC alleging Race Discrimination, Retaliation and Hostile Work Environment.

12. The Charge of Discrimination set forth the following:

    *I. That I am a former employee of the Employer. That I was constructively discharged from my employment.*
    *II. That my employer subjected me to a severe and pervasive hostile work environment that forced my resignation. No reasonable person would tolerate the working conditions that I was subjected to*
    *III. That I was discriminated against based on my race. That I performed at the legitimate expectations of my employer. However, my supervisor mistreated me.*
    *IV. That I suffered discrimination. That my direct supervisor treated other Caucasian employees more favorably.*

> *V. That I filed a Formal Complaint regarding the acts of my supervisor. As a result of my formal complaint, I have been suffering more severe harassment, hostility and retaliation. My employer has attempted to discipline me for pretextual reasons.*
> *VI. That the actions of my employer have affected the terms and conditions of my employment.*
> *VII.     That the hostile work environment has been severe and pervasive.*
> *VIII.    That I have been discriminated against based on my race in violation of Title VII.*
> *IX. That I have suffered a hostile work environment and retaliation for my complaints in violation of Title VII.*

13. That the Plaintiff Requested her right to sue on from the EEOC.

14. That the EEOC Right to Sue was issued March 15, 2024. That the EEOC Rights to Set forth the following: *DETERMINATION OF CHARGE: The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. NOTICE OF YOUR RIGHT TO SUE: This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)*

>   *If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 415-2023-01939.*

15. That fewer than ninety days have elapsed since the Plaintiff received the right to sue.

## Factual Background

16. The Plaintiff was hired by the Defendant in August of 2001. The Plaintiff was employed with the Defendant in several different positions with no issues regarding her employment.

17. That when the Plaintiff was hired the Plaintiff was presented with the Policies and procedures of the Defendant such as Equal Employment Opportunity.

18. That the Plaintiff followed the Defendant's policies and procedures throughout her employment.

19. The Plaintiff held the position Grant Coordinator for 11 years in the Department of Surgery. The Plaintiff then applied for and was hired as Administrative Manager II with the Department of Microbiology and Immunology.

20. In or around June of 2021, the Plaintiff applied for the position of Administrative Manager II. The Plaintiff was interviewed on June 23, 2021. The Position was offered to another individual who declined the offer.

21. The job was reposted for the position on June 28, 2021. The Plaintiff was hired for the position and became the new Department Administrator on August 9, 2021.

22. Due to the role as Department Administrator the Plaintiff was assigned a mentor. The Plaintiff's mentor was rarely available and failed to mentor the Plaintiff properly.

23. The role of Department Administrator is a senior level position within the department of Microbiology & Immunology and is responsible for all major

administrative/business activities which included but not limited to, the department's financial and personnel management activities to ensure compliance with state and federal laws, ensured compliance with both state and federal funding which included preparing special reports and spreadsheets outlining the allocation of funding, along with the development and implementation of administrative policies and procedures.

24. That during the Plaintiff's employment her performance was exceptional.

25. The Plaintiff was familiar with the requirements of her position and had performed all aspects of the position in previous positions through her employment with the Defendant.

26. The Plaintiff began to experience a wave of differential treatment at the hands of the Department Chair, Dr. Sophia Paczesny.

27. The Plaintiff had never been supervised by Dr. Sophia Paczesny during her employment and had not had any direct exposure to Dr. Paczesny.

28. After taking her new position of Department Administrator, whenever there any interaction with Dr. Paczesny, she was verbally abusive, aggressive and unprofessional, and threatening.
The Plaintiff began to observe that Dr. Paczesny only subjected the Plaintiff to this pattern of behavior.

29. The majority of the department was made up of _foreign individuals.

30. The Department Chair was required to step down partly due to her treatment of the Plaintiff.

31. That the Plaintiff was subjected to constant harassment regarding daily activities that were part of her position.

32. In January 20, 2022, the Plaintiff made her first complaint regarding her supervisor's leadership and communication style.

33. Human Resources failed and refused to address or resolve the situation.

34. The Plaintiff was singled out constantly for no specific reason.

35. Dr. Paczesny persisted in calling the Plaintiff names in an unprofessional manner. Paczesny called the Plaintiff a liar on many occasions.

36. Due to Paczesny calling the Plaintiff a liar and other falsehoods, the Plaintiff was forced to return to Human Resources.

37. Paczesny would go out of her way to instruct the Plaintiff to perform certain actions that were a violation of rules that were already denied. On one occasion Paczesny instructed the Plaintiff to draft an offer letter to a Post-Doc that she had already been instructed she was not allowed to hire.

38. On July 1, 2022, the Plaintiff made an official complaint to Human Resources regarding her direct supervisor's actions. The complaint included the supervisor's issues with women, treatment of the Plaintiff based on her race and several other issues including communication, respect and leadership style. The Plaintiff further reported her supervisor for being verbally abusive.

39. Human Resources failed and refused to resolve the situation despite the Plaintiff's formal complaint.

40. In September of 2022, the Plaintiff received a 4.0 of 4.0 on her performance review.

41. On September 9, 2022, the Plaintiff applied for and was approved for Family Medical Leave Act due to the hostile work environment that she was suffering on the job.

42. When the Plaintiff returned to work after her first FMLA leave, Dr. Paczesny retaliated against the Plaintiff by requiring her to meet with her daily to review all work performed by the Plaintiff.

43. These meetings included treating the Plaintiff to a hostile work environment, harassing the Plaintiff, inflicting emotional distress and constant bombardment of performance issues for pretextual reasons.

44. In January 2023, the Plaintiff had her first Emergency Room visit for rapid heart rate and panic attacks caused by her work environment.

45. On February 8, 2023 the Plaintiff was required to go to the Emergency Room due to her stress and anxiety caused by the Defendant.

46. On February 16, 2023, for the second time the Plaintiff applied for and received Family Medical Leave Act due to the hostile work environment she was suffering.

47. In March of 2023, the Plaintiff began looking for other employment due to her mental health and the verbal abuse that she was suffering.

48. On May 15, 2023, the Plaintiff utilized the remainder of her Family Medical Leave Act until June 8, 2023 and retired on June 1, 2023.

49. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

50. That the Plaintiff was issued certain policies and procedures by the Defendant.

51. The Defendants violated the policies and procedures by failing to follow the actual policies in place against discrimination, hostile work environment and retaliation.

52. That as a result of Defendant's actions regarding retaliation, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation,

embarrassment, personal indignity and other intangible injuries for all of which he should be compensated.

53. Defendant engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Plaintiff on the basis of her race, subjected her to a hostile work environment and retaliation for her complaints.

54. That the Defendant constantly threatened the Plaintiff with discipline for pretextual reasons. That each of these threats caused further emotional distress.

55. That the Defendant, treated the Plaintiff significantly differently based on her race, and retaliation for her complaints.

56. That the Plaintiff's coworkers were treated more favorably in evaluations, promotion, work enviroment and employment.

57. That the Defendant's actions towards the Plaintiff violated the law.

58. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

59. That, as a direct and proximate result of the Defendant's intentional unlawful actions towards the Plaintiff based on the Plaintiff's disability, age, sex and race, the Plaintiff:

   a. Suffered lost wages and benefits;

   b. suffered severe emotional distress;

   c. suffered future lost wages and future lost benefits;

   d. suffered economic damages;

   e. Loss of employment;

   f. Loss of Future employment;

   g. incurred attorney fees for this action;

   h. incurred costs of this action; and

    i.    will incur future attorney fees and costs.

60. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

61. That the Defendant evaluated the plaintiff differently based on his complaints, age, sex, disability and race.

62. That the Plaintiff's employer discriminated against the Plaintiff based on her race, sex, age, disability, and complaints.

63. That the Defendant, failed and refused to treat all persons the same.

64. That the Defendant failed and refused to allow the Plaintiff any changes in the terms and conditions of her employment.

65. That the Defendant is the proximate and direct cause of damage to the Plaintiff.

66. Pursuant to Title VII, Plaintiff also seeks compensatory damages including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

67. Plaintiff seeks all back pay and fringe benefits to which she is entitled under the law, as well future damages, and liquidated damages under the act.

68. As Plaintiff is seeking damages under Title VII for race and sex discrimination pursuant to the law and Plaintiff also demands a jury trial as to all claims properly tried to a jury pursuant to Title VII.

69. Plaintiff is further seeking damages pursuant to the ADA and ADEA.

### FOR A FIRST CAUSE OF ACTION
### RACE DISCRIMINATION IN VIOLATION OF

## TITLE VII AND 42 U.S.C. SECTION 1981

70. That Paragraphs one (1) through sixty-nine (69) are hereby incorporated verbatim.

71. That the Plaintiff was an employee as defined by Title VII and 42 U.S.C. Section 1981.

72. That the Defendant is an employer as defined by Title VII and 42 U.S.C. Section 1981.

73. That the Plaintiff has been treated differently based on her race from January 2022 until her resignation forced retirement on July 1, 2023.

74. The Plaintiff was treated differently due to her race (African American).

75. Other employees were not subjected to the verbal abuse, scrutiny, constant harassment regarding her duties and responsibilities, constant attempts to discipline and overall hostile work environment.

76. That the Plaintiff was treated less favorably than Caucasian employees.

77. That other individuals were not subjected to discipline or commentary in the office that the Plaintiff was.

78. That the other employees were not subjected to the same discipline or commentary of the Plaintiff.

79. That the Plaintiff participated in a protected act when she reported discrimination, verbal abuse, harassment, and hostile work environment.

80. That the Defendant allowed the Plaintiff to be discriminated against based on her race and sex in violation of their own policies and procedures and the law.

81. That the Plaintiff reported the discrimination. That the Defendant failed and refused to correct the behavior.

82. That the Defendant allowed the Plaintiff's supervisor to treat Caucasian employees more favorably without repercussions.

83. That the Defendants discriminated against the plaintiff based on her race in violation of Title VII and 42 U.S.C. Section 1981.

84. That the Defendants took adverse employment action against the Plaintiff by:

    (a) Failing to protect the Plaintiff from a Racially Hostile work environment; and

    (b) Refusing to enforce its own policies concerning discipline of employees engaging in harassing comments and behavior; and

    (c) Failing to follow its own policies and procedures regarding diversity, and bullying.

85. That the Defendants subjected the Plaintiff to discrimination in violation of the law.

86. That, as a direct and proximate result of the Defendants' intentional, unlawful and retaliatory actions, the Plaintiff:

    (a) Suffered severe emotional distress;

    (b) Suffered lost wages and benefits;

    (c) Suffered future lost wages and benefits;

    (d) Incurred attorney's fees and costs of this action.

87. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

**FOR A SECOND CAUSE OF ACTION**

**RETALIATION FOR COMPLAINTS REGARDING RACE DISCRIMINATION IN VIOLATION OF TITLE VII AND 42 U.S.C. 1981**

88. That Paragraphs one (1) through eighty-seven (87) are hereby incorporated verbatim.

89. That the Plaintiff is an employee as defined by Title VII, and 42 U.S.C. Section 1981.

90. That the Defendant is an employer as defined by Title VII, and 42 U.S.C. Section 1981.

91. That the Plaintiff has filed complaints regarding race discrimination to Human Resources of the Defendant. As a result of those complaints the Plaintiff was subjected to threats of discipline, performance improvement plans and a more severe and pervasive work environment that forced her resignation.

92. As a result of those complaints the plaintiff has been treated differently and subjected to retaliation.

93. That the Plaintiff has made continuous complaints of discrimination based on race, including differential treatment, and hostile work environment with no response from the Defendant. The Defendant's only response is that the Plaintiff did not make a complaint.

94. That the Defendant retaliated against the Plaintiff by placing her in the most hostile work environment and threatening her with termination due to performance and rebuffing her complaints.

95. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of her complaints.

96. That the Plaintiff was considered an exemplary employee until the supervisor became aware of the Plaintiff's complaint regarding discrimination and differential treatment in the work environment.

97. As a result of the Plaintiff's complaints regarding discrimination based on her Race, and hostile work environment the Plaintiff was subjected to changes in terms and conditions and constructive discharged from her employment.

98. The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

99. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which she should be compensated. Including, future losses related to refusals to provide appropriate raises and positions.

100. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

101. That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Federal Law.

## FOR A THIRD CAUSE OF ACTION

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF

## TITLE VII AND 42 U.S.C. SECTION 1981

102. That Paragraphs one (1) through one hundred and one hundred and one (101) are hereby incorporated verbatim.

103. That the Plaintiff was an employee of the Defendants.

104. That the Defendant is an employer in accordance with Title VII and 42 U.S.C. 1981.

105. That the Defendant subjected the Plaintiff to a hostile work environment.

106. That the Plaintiff's work environment was abusive, to the point of severe and pervasive.

107. The Plaintiff was subjected to discrimination based on her Race, complaints of discrimination and hostile work environment.

108. That the Defendant failed and refused to address the situation.

109. That the Plaintiff suffered severe emotional distress as a result of the Defendant's hostile work environment based on the Plaintiff's Race and complaints.

110. That the Plaintiff's severe emotional distress was foreseeable as a result of the severe and pervasive work environment that the Defendant subjected the Plaintiff to.

111. That the Plaintiff has been damaged as a result of the Defendant work environment.

112. That the Defendant is the direct and proximate cause of damage to the Plaintiff.

113. That the Plaintiff is entitled to all damages as permitted by the law pursuant to the hostile work environment.

114. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees previous, future and present, costs of previous future and this action, and other damages such as this Honorable Court deems appropriate and just.

### PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff punitive damages against the defendant for their malicious and spiteful pattern of racial discrimination;

F. Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of Title VII, and 42 U.S.C. Section 1981;

G. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

H. Award all damages available to the Plaintiff pursuant to Federal Law;

I. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in discrimination, disparate treatment or retaliation against plaintiff and

J. enter any other order the interests of justice and equity require.

          HUNT LAW LLC

          *s/Bonnie Travaglio Hunt*
          Bonnie Travaglio Hunt
          HUNT LAW LLC
          4000 Faber Place Drive, Suite 300
          North Charleston SC 29405
          Post Office Box 1845, Goose Creek, SC 29445
          (843)553-8709

Dated: June 4, 2024