IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cheryl A. Brown, | ) | Case No. 2:24-cv-03337-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Medical University of SC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, through counsel, filed this employment action, bringing claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). (Dkt. No. 1.) Currently before the Court is Defendant's Motion for Judgment on the Pleadings (Dkt. No. 18). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge. For the reasons stated herein, the undersigned **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 18) should be **GRANTED**.

**FACTUAL SUMMARY**

This case arises from Plaintiff's longstanding employment with Defendant. (*See generally* Dkt. No. 1.) According to the Complaint, Plaintiff was hired by Defendant in August of 2001. (*Id.* at 4.) She worked as a grant coordinator for eleven years before transitioning to the role of administrative manager. (*Id.*) On August 9, 2021, Plaintiff was hired as the Department Administrator for the Department of Microbiology and Immunology. (*Id.*) As a department administrator, Plaintiff was responsible for all major administrative and business activities such as financial and personnel management, ensuring compliance with state and federal laws and funding

1

requirements, and developing and implementing administrative policies and procedures. (*Id*. at 4–5.)

The Complaint alleges that Plaintiff was assigned a mentor when she was promoted to Department Administrator, but her mentor was "rarely available and failed to mentor [her] properly." (*Id*. at 4.) Nonetheless, Plaintiff claims that her performance was exceptional, and that she was familiar with the requirements of her position because she had performed most of them in previous roles throughout her employment with Defendant. (*Id*. at 5.)

Plaintiff alleges that, at some point, she "began to experience a wave of differential treatment at the hands of the Department Chair, Dr. Sophia Paczesny." (*Id*.) Specifically, Plaintiff claims that Dr. Paczesny was "verbally abusive, aggressive and unprofessional, and threatening," and that Plaintiff was "subjected to constant harassment regarding daily activities that were part of her position." (*Id*.) For example, Plaintiff claims that "Dr. Paczesny persisted in calling [] Plaintiff names in an unprofessional manner," and called her a liar on various occasions. (*Id*. at 6.) Plaintiff also claims that Dr. Paczesny "would go out of her way to instruct [] Plaintiff to perform certain actions that were a violation of rules," including one occasion on which Dr. Paczesny "instructed [] Plaintiff to draft an offer letter to a Post-Doc that she had already been instructed she was not allowed to hire." (*Id*.) Plaintiff further claims that the rest of the department—which was primarily made up of "foreign individuals"—was not subjected to this pattern of behavior from Dr. Paczesny, and that Plaintiff was singled out "for no specific reason." (*Id*. at 5–6.) According to the Complaint, Dr. Paczesny was ultimately "required to step down partly due to her treatment of the Plaintiff." (*Id*. at 5.)

Plaintiff alleges that she made her first complaint about Dr. Paczesny's actions on January 20, 2022, but that Human Resources failed and refused to address or resolve the situation. (*Id*. at

2

6.) Plaintiff claims she then made an official complaint on July 1, 2022. (*Id*.) Plaintiff claims that this complaint "included the supervisor's issues with women, treatment of the Plaintiff based on her race and several other issues including . . . her supervisor [] being verbally abusive." (*Id*.) Plaintiff claims that Human Resources again "failed and refused to resolve the situation." (*Id*.)

Plaintiff alleges that she "received a 4.0 of 4.0 on her performance review" in September of 2022. (*Id*.) On September 9, 2022, she applied and was approved for a leave of absence under the Family Medical Leave Act "due to the hostile work environment that she was suffering on the job." (*Id*.) Plaintiff claims that Dr. Paczesny retaliated against her when she returned from her leave "by requiring her to meet [] daily to review all work [she] performed." (*Id*. at 7.) During these meetings, Dr. Paczesny allegedly "harass[ed] [] Plaintiff, inflicting emotional distress and constant bombardment of performance issues for pretextual reasons." (*Id*.)

The Complaint alleges that Plaintiff was admitted to the Emergency Room in January 2023 "for rapid heart rate and panic attacks caused by her work environment." (*Id*.) On February 8, 2023, Plaintiff was again admitted to the Emergency Room "due to [] stress and anxiety caused by Defendant." (*Id*.)

As such, she applied and was approved for a second leave of absence under the Family Medical Leave Act "due to the hostile work environment she was suffering." (*Id*.) Plaintiff alleges that she then "began looking for other employment due to her mental health and the verbal abuse she was suffering" in March of 2023. (*Id*.) Plaintiff claims that she ultimately retired on June 1, 2023, after utilizing the remainder of her leave under the Family Medical Leave Act. (*Id*.)

Plaintiff alleges that Defendant's aforementioned actions violated the law and caused her injury. (*Id*. at 8.) She seeks, *inter alia*, actual, compensatory, consequential, and punitive damages. (*Id*. at 9.)

3

## PROCEDURAL HISTORY

Plaintiff filed the instant civil action on June 4, 2024, alleging race discrimination, retaliation, and hostile work environment in violation of Title VII and § 1981. (Dkt. No. 1.) Defendant filed its Motion for Judgment on the Pleadings on January 7, 2025. (Dkt. No. 18.) After requesting and receiving an extension of time to respond, Plaintiff filed her response on February 1, 2025. (Dkt. No. 23.) Defendant declined to reply by the February 10, 2025 deadline. (*Id*.) As such, the motion before the Court has been fully briefed and is ripe for disposition.

## LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. Rule 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *See Lewis v. Excel Mech., LLC*, 2:13-cv-281-PMD, 2013 WL 4585873, at * 1 (D.S.C. Aug. 28, 2013) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010)). Courts follow "a fairly restrictive standard" in deciding Rule 12(c) motions, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." *See Fitzhenry v. Indep. Order of Foresters*, No. 2:14-cv-3690-DCN, 2015 WL 3711287 (D.S.C. June 15, 2015) (internal citations omitted).

A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Rule 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted," and tests the legal sufficiency of the complaint pursuant to Rule 8 of the Federal Rules of Civil

Procedure. Fed. R. Civ. P. 12(b)(6). It "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *See Doe 202a v. Cannon*, No. 2:16-cv-00530-RMG, 2018 WL 317818, at *1 (D.S.C. Jan. 8, 2018) (internal citations omitted).

Rule 12(c) motions limit a court's review to the pleadings and "any documents and exhibits attached to and incorporated into the pleadings." *See Hughes v. Med. Depot, Inc.*, No. 2:18-cv-2187-RMG, 2019 WL 1772401, at *1 (D.S.C. Apr. 23, 2019) (internal citations omitted). In reviewing a complaint under Rule 12(c), a court must accept as true all factual allegations contained in the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)).

## DISCUSSION

In its motion, Defendant requests that the Court dismiss Plaintiff's claims brought under 42 U.S.C. § 1981. (Dkt. No. 18-1 at 1.) Specifically, Defendant asserts that Plaintiff's § 1981 claims are barred because "MUSC is a government agency of the State of South Carolina." (*Id*. at 3.) Defendant explains that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." (*Id*., quoting *Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 733 (1989).) Defendant contends that Plaintiff's § 1981 claims therefore fail. (*Id*. at 4.) In response, Plaintiff agrees to dismiss her § 1981 claims against Defendant. (Dkt. No. 23 at 1.) Plaintiff notes, however, that she does not consent to dismissal of her Title VII claims. (*Id*.)

5

In light of the foregoing, the undersigned **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 18) should be **GRANTED**, and Plaintiff's claims under § 1981 should be **DISMISSED**. Because Plaintiff's Title VII claims are not at issue here, the undersigned **RECOMMENDS** that such claims should **SURVIVE**.

## CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 18) should be **GRANTED**, and that Plaintiff's claims under § 1981 should be **DISMISSED**.

**IT IS SO RECOMMENDED**.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 24, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).