IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Cheryl A. Brown,<br><br>       Plaintiff,<br>  v.<br><br>Medical University of South Carolina,<br><br>       Defendant. | Case No. 2:24-3337<br><br>**ORDER AND OPINION** |

    Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Defendant's motion for judgment on the pleadings (Dkt. No. 18) should be granted and that Plaintiff's claims under 42 U.S.C. § 1981 should be dismissed. (Dkt. No. 24). No objections were filed. For the reasons set forth below, the R&R is adopted as the Order of the Court.

    **I.    Background**

    This case arises from Plaintiff's claims of employment discrimination, retaliation and a hostile work environment under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. (Dkt. No. 1). Plaintiff alleges that she experienced harassment and discrimination at the hands of her assigned mentor, Department Chair Dr. Sophia Paczeny, when she was promoted to Department Administrator for the Department of Microbiology and Immunology. (*Id.* at 4-5). This alleged harassment led Plaintiff to take two leaves of absence under the Family Medical Leave Act before ultimately retiring on June 1, 2023 after utilizing the entirety of her allotted leave. (*Id.* at 7). Defendant moves this Court to dismiss Plaintiff's Section 1981 claims, highlighting that "MUSC is a government agency of the State of South Carolina" and "the express cause of action

1

for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." (Dkt. No. 18-1 at 3).

## II.   Legal Standard

### A.  R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Judgment On The Pleadings

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard of review for Rule 12(c) motions is the same as that under Rule 12(b)(6)." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Thus, in considering a Rule 12(c) motion, "all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (3d ed. 2011). "A motion for

judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court; otherwise, a summary judgment motion or a full trial is necessary." *Id.* "An issue of fact is deemed to be material if the outcome of the case might be altered by the resolution of the issue one way rather than another." *Id.* "Thus, the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Id.* "A material issue of fact that will prevent a motion under Rule 12(c) from being successful may be framed by an express conflict on a particular point between the parties' respective pleadings. It also may result from the defendant pleading new matter and affirmative defenses in his answer." *Id.* "Courts follow 'a fairly restrictive standard' in ruling on Rule 12(c) motions, as 'hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense.'" *In re MI Windows & Doors, Inc. Prod. Liab. Litig.*, C/A No. 2:12-01297-DCN, 2013 WL 427345, at *1 (D.S.C. Feb. 4, 2013) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1368 (3d ed. 2011)).

### III.    Discussion

Plaintiff consents to the dismissal of her Section 1981 claim against Defendant. (Dkt. No. 23 at 1). Neither Party objects to the R&R. Finding no clear error, the Court **ADOPTS** the R&R as the Order of the Court and **DISMISSES** Plaintiff's Section 1981 claims against Defendant. Plaintiff's Title VII claims remain.

**AND IT IS SO ORDERED.**

                                                      _s/ Richard M. Gergel_
                                                      Richard Mark Gergel
                                                      United States District Judge

March 18, 2025
Charleston, South Carolina